This case is before us on rehearing, which was granted upon a statement by counsel for appellant that he had no knowledge of exceptions of no cause and no right of action ever having been filed in this case in this Court. Since our opinion and judgment sustained the exceptions, we felt it necessary to give appellant his day in Court on the exceptions and so informed him from the Bench when he appeared to argue the case. After we had informed appellant's counsel of this fact, he failed to present any argument on the exceptions and persisted in his charge that the Court had denied justice to his client by not discussing and passing on other phases of the case of which he complained, to-wit, that he had not been allowed to produce evidence in the lower Court and charges of unfairness on the part of the trial Court in the manner the case was conducted below. Evidently counsel has overlooked the fact made plain in our former opinion that the case was determined here entirely on the exceptions of no cause and no right of action, based upon the pleadings of appellant. When we found that appellant's pleadings failed to disclose a cause of action, it was not only unnecessary but would have been entirely out of order to discuss any other phases of the case.
In our former opinion we set out in detail the facts of this case and it is unnecessary to again do so. The application of appellant to be appointed administrator and his opposition to the putting of the legal heirs into possession of the estate of decedent fails to disclose that the applicant is a creditor of the Succession or that he is acting in the interest of any creditor or creditors. He does not allege there are no known heirs but, on the contrary, infers there are heirs residing outside the State.
Apparently appellant was attempting to proceed under Articles 1113 and 1114 of the Revised Civil Code dealing with successions where heirs are absent from and not represented in the State, which Articles provide for a curator and not an administrator to be appointed. These Articles deal with such successions, as well as vacant successions, which are defined by Article 1095 of the Revised Civil Code as a succession when no one claims it, or when all the heirs are unknown, or when all the known heirs to it have renounced it. Plaintiff only alleged there were no heirs living in Louisiana, which is not sufficient to allege a vacant succession. However, since the law applicable *Page 237 
to vacant successions is the same as successions when no heirs are living in the State, that fact is immaterial.
Although appellant filed an application asking to be appointed administrator (curator) and secured an order to have the application advertised, according to law, he failed to take any other steps to qualify as curator. Five months passed and the legal heirs of the decedent came into court, under authority of Articles 1192 and 1193 of the Revised Civil Code, and prayed that they be sent into possession of the estate purely and simply. These two Articles provide as follows:
"1192. Curators — Duties — When cease. — The duties of the curator cease when the heirs, or other persons having a right to the succession administered by them, present themselves or send their powers of attorney to claim the succession, and comply with the requirements of article 1012."
"1193. Heirs — Putting in possession. — When the heirs, or other persons having a right to a succession, present themselves, or send their powers of attorney to claim it, they are bound to cause themselves to be recognized as such, and shall be put into possession by the judge of the place where the succession is opened, after having cited the curator who has been appointed for the succession."
Article 1012, Revised Civil Code, provides: "Security —Property in suit or claims pending. — In obtaining possession of the effects of a succession, the heirs shall not be permitted, under any pretense whatsoever, to have an actual delivery of any property of such succession which may be in suit or to receive any money of such succession when there shall be claims thereon pending in court, unless they previously give bond with good and sufficient security, if the plaintiff's in such suits require it; which security shall be one-fourth over and above the amount of the claims for money thus claimed, or of the appraised value of the property in suit, which estimation shall be made by two appraisers appointed by the judge."
Since appellant had not been appointed curator, it was not necessary that any citation be served on him by the heirs. The creditors of the succession, if there were any, could have protected their rights by opposing the heirs taking possession of the property of the estate without first giving bond, as required by Articles 1011 and 1012, Revised Civil Code. In appellant's opposition to the placing of the legal heirs in possession of the estate, he did not allege he was a creditor or that he was representing any creditors of the estate. He did not seek to have the heirs give security or bond, but insisted upon being appointed administrator (curator), contrary to the law as laid down by the Revised Civil Code above cited. Unless opposition had been made in accordance with the above provisions of the Revised Civil Code, the opposition would not set forth a cause of action and since appellant did not file such an opposition, he is without right to contest the putting into possession of the legal heirs of decedent.
There is nothing in the record, nor is there any suggestion in argument or briefs, that any creditor has filed a claim against the succession or instituted suit against it, or has done anything else which could prevent the heirs of decedent from being put into possession of his estate without giving bond, and certainly no creditor of the succession has appeared in this case at any time.
In our former opinion we did not go into a detailed discussion of the law applicable to our finding, but based our opinion upon the fact that appellant had not alleged himself a creditor of the succession and, while we possibly did not make our finding as clear as we should, a mere reading of the Articles of the Code cited herein shows the correctness of our former opinion. The only thing to justify the appointment of an administrator (curator) to decedent's succession was for a majority of the creditors living in Concordia Parish to have demanded of the heirs that they give security, as provided by the Articles of the Code cited supra and their failure to do so. For appellant to have exercised this right he must have been a creditor, which he is not shown to be.
We therefore conclude that the former opinion of this Court sustaining the exceptions of no cause and no right of action is correct and is now reinstated and made the judgment of this Court. *Page 238